*13*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
SEP 0 7 1999
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RAYMOND VELA RANGEL,<br>    Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-98-181 |
| GARY L. JOHNSON, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>    Respondent. | §<br>§<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Raymond Vela Rangel ("Rangel") filed a petition for habeas corpus (Docket No. 1) in the United States District Court for the Northern District of Texas pursuant to the provisions of 28 U.S.C. § 2254 on December 10, 1998. On December 11, 1998, the case was transferred to the Brownsville Division of the Southern District of Texas. Rangel is incarcerated in Willacy County, Texas. His claims arose in Cameron County, Texas.

In his petition, Rangel seeks to set aside his state conviction for burglary of a habitation on the grounds of ineffective assistance of counsel and that his guilty plea was involuntary.

On April 28, 1999, the State filed a Motion to Dismiss (Docket No. 8) arguing that Rangel's petition is time barred by the one year limitation provisions of 28 U.S.C. § 2244. For the reasons set forth below, the State's Motion should be granted and Rangel's petition dismissed.

## BACKGROUND

The State Court Records[1] on file in this case reflect that on May 31, 1995, Rangel was

---

[1] The pagination of the State Records is confusing since Rangel filed two applications for habeas corpus. The State Records are divided between Writ I and Writ II. These two writs are paginated separately.

adjudicated guilty of burglary of a habitation and sentenced to twelve years confinement. (State Records, Writ I pp. 47-49). On June 19, 1997, Rangel filed an application for writ of habeas corpus, Writ I, (State Records, Writ I pp. 1-9) which was denied without written opinion by the Texas Court of Criminal Appeals on February 25, 1998. ( State Records unnumbered pages).

One of the grounds for the application for habeas in Writ I was that Rangel's trial counsel did not inform him of his right to appeal. Based on affidavits, the trial court made findings that in fact Rangel's attorney had advised him of his right to appeal. (State Records, Writ I-Judge Hester's Order dated October 20, 1997).

On July 15, 1998, Rangel signed a second application for writ of habeas corpus which was filed on July 28, 1998. (State Records, Writ II pp. 1-11). In addition to the prior claim of ineffective assistance of counsel, the second habeas application raised several grounds not previously raised with respect to the revocation of probation in a prior criminal case. Judge Hester denied this second application in a written order entered on August 14, 1998. This order made specific findings of fact that Rangel's guilty pleas were entered freely and voluntarily and that none of his habeas claims were meritorious. (State Records, Writ II pp. 19-20). The Court of Criminal Appeals dismissed the writ pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (Vernon 1997) on September 16, 1998.[2]

## THE § 2254 PETITION

In his § 2254 petition, Rangel again raises the claims that his guilty plea was involuntary and that his counsel was ineffective during the guilty plea hearing (Docket No. 1, p. 6).

---

[2] Section 11.07 of the Code of Criminal procedure is the Texas abuse of writ provision. Its language is similar to 28 U.S.C. § 2244(b).

2

## RECOMMENDATION

Rangel's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), since it was filed after the effective date of that Act, April 24, 1996. AEDPA contains a one year limitation provision. 28 U.S.C. § 2244(d). In Rangel's case, the one year limitation period began to run on April 24, 1996, the effective date of the AEDPA. *United States v. Flores,* 135 F.3d 1000, 1003 n.7 (5th Cir. 1998), *cert. denied* ----US----; 119 S.Ct. 1135 (1999); *Turner v. Johnson,* 177 F.3d 390 (1999).

The one year limitation period is tolled during the pendency of a properly filed State application for post conviction relief. 28 U.S.C. § 2244(d)(2).

Rangel was adjudicated guilty on May 31, 1995, when Judge Hester signed the Judgment Adjudicating Guilt. (State Records, Writ I pp. 47-49). Under Texas rules, Rangel had thirty days to file a notice of appeal. Tex. R. App. P. 26.2. On June 30, 1995, his conviction was final.

His AEDPA time started to run on April 24, 1996. His first state application for writ of habeas corpus was filed on June 19, 1997. (State Records, Writ I pp. 1-9). The AEDPA limitation period had expired almost two months earlier. Nothing in that application or for that matter in the application for the second writ of habeas corpus implicates any of the provisions of 28 U.S.C. § 2244(d)(1)(B)(C)or(D).

IT IS THEREFORE **RECOMMENDED** that the State's Motion for Summary Judgment be **GRANTED** and that Raymond Vela Rangel's Habeas Petition be **DISMISSED**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

3

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 2nd day of September 1999.

_____
John Wm. Black
United States Magistrate Judge